CHAFFETZ LINDSEY LLP
1700 BROADWAY, 33RD FLOOR, NEW YORK, NY 10019
MAIN: +1 212 257 6960 | FAX: +1 212 257 6950

JOSHUA D. ANDERS, ASSOCIATE
DIRECT: +1 212 257 6948
J.ANDERS@CHAFFETZLINDSEY.COM

January 31, 2018

**By ECF**

The Honorable Jack B. Weinstein
United States District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:   *Rodriguez v. Juice Beauty, Inc.* Case No. 17-CV-05187-JBW-CLP

Dear Judge Weinstein:

We represent Defendant, Juice Beauty, Inc. I write concerning the Request for Certificate of Default recently filed by Plaintiff (ECF No. 13). In sum, a certificate of default should not be entered because service has not been completed, and therefore no Answer or other response to Plaintiff's Complaint was or is due.[1]

In the request, counsel for Plaintiff claims that Defendant "was properly served" on November 3, 2017, and therefore its response to the Complaint was due on November 24, 2017. This is incorrect because Plaintiff failed to complete service under the relevant provisions of the New York Business Corporation Law ("BCL").

According to the documents filed in support of Plaintiff's request, Plaintiff attempted to serve Defendant under Section 307 of the BCL. *See* Affirm. in Supp. of Request for Cert. of Default, Ex. A (ECF No. 13-1). Under BCL Section 307, service on the secretary of state is effective only if Defendant is then served a copy of service personally, or by registered mail with return receipt requested. BCL § 307(b). Plaintiff is then required to file, within 30 days after receiving the return receipt, an affidavit of service that includes either the return receipt or, if the mailing was refused, the original envelope with a notation that delivery was refused. BCL § 307(c)(2). Service is considered complete 10 days after the filing of those papers, which is when the defendant's time to respond begins to run. *Id.* As Plaintiff failed to file a copy of the return receipt, service is not complete. Accordingly, no response to the Complaint was due, and this Court lacks personal jurisdiction over Defendant, a foreign corporation unauthorized to do business in New York.

Apparently, Plaintiff personally served the New York Secretary of State on November 7, 2017 (ECF 13-2) and mailed a copy of process on November 8, 2017 (ECF 12). Plaintiff did not file an affidavit of compliance for the mailing of the service copy until January 26, 2018—nearly 80 days after the purported mailing. Plaintiff has yet to file "either the return receipt...or other official proof of delivery" as required by BCL § 307(c)(2). Because Plaintiff still has not

---

[1] By appearing for the purposes of bringing this issue to the Court's attention, Defendant does not intend to waive or forfeit any arguments for dismissal of the Complaint, including for lack of personal jurisdiction.

met BCL Section 307's service requirements, service is not complete, and therefore a certificate of default should not be issued.

Moreover, compliance with the requirements of Section 307 is required to subject Defendant to the court's jurisdiction. As the court in *Newkirk v. Clinomics Biosciences, Inc.*, No. 1:06CV0553(GLS/RFT), 2006 WL 2355854, at *3 (N.D.N.Y. Aug. 15, 2006), succinctly explained:

> New York courts have held that to acquire jurisdiction over an unauthorized foreign corporation, plaintiffs must satisfy the strict service of process procedures prescribed by New York General Business Law § 307. *See Stewart v. Volkswagen of Am., Inc.*, 81 N.Y.2d 203, 208 (N.Y. Ct. App.1993) ("When a plaintiff chooses to try to acquire personal jurisdiction pursuant to Business Corporation Law § 307, ... the provisions must be strictly complied with[.] ..."); *Flick v. Stewart-Warner Corp.*, 76 N.Y.2d 50, 57 (N.Y. App. Ct.1990) ("[S]trict compliance with the procedures of Business Corporation Law § 307 is required to effect service on an unauthorized foreign corporation."); *Lansdowne Fin. Services, Ltd. v. Binladen Telecommunications Co*. Ltd., 95 A.D.2d 711, 712 (1st Dep't 1983) ("In order for service of process to be complete under section 307 ... of the Business Corporation Law, proof of service must be made by filing an affidavit of compliance."); *Newman v. G.D. Searle & Co.*, 50 A.D.2d 574 (2d Dep't 1975) (court dismissed case for improper service when plaintiff served summons and complaint upon unauthorized foreign corporation and failed to comply with the other procedural requirements of section 307); *Koepke v. Bilnor Corp.*, 55 Misc.2d 928, 934 (N.Y.Sup.Ct.1968) ("Inasmuch as plaintiff did not fully comply with the statutory method of service of process chosen by him, the 'service' he made was insufficient for this court to exercise its jurisdiction over [defendant]."). The Court of Appeals of New York has explicitly held that "a failure to adhere to the filing requirements of Business Corporation Law § 307(c)(2) is a jurisdictional defect requiring dismissal." *Reed v. Gowanda Nursing Home*, 5 A.D.3d 987, 987-88 (4th Dep't 2004) (citing *Flannery v. GMC*, 86 N.Y.2d 773 (N.Y.App.Ct.1995)).

Because Plaintiff has yet to comply with the procedural requirements of NY BCL § 307, and thus no response to the Complaint was or is due, Defendant respectfully requests the Court deny Plaintiff's request for an issuance of a certificate of default.

Respectfully Submitted,

Joshua D. Anders

cc: All counsel of record (by ECF)